IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Bryan J. Thicklin,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:08cv398 (TSE/TCB) |
| | ) |
| D. M. Vaughn,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Bryan J. Thicklin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of aggravated malicious wounding and felony child neglect entered on a plea of guilty in the Circuit Court for the City of Norfolk, Virginia On July 7, 2008, respondent filed a Motion to Dismiss and Rule 5 Answer. Thicklin was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, Thicklin's claims must be dismissed.

### I. Background

On September 8, 2004, petitioner's three-month-old daughter Janiyah was admitted to the hospital with 14 bone fractures, including four in her skull. Resp. Ex. 2 at 3. That evening, after being questioned by a detective, Thicklin admitted that he had shaken the baby and then hit her in the head with his fist while caring for her the previous day. Id. As the result of her injuries, Janiyah was hospitalized for two months in the intensive care unit, during which time she required mechanical ventilation and tubing in order to breathe and to receive nourishment. Id.

Following this incident, Thicklin was charged with malicious wounding, aggravated

malicious wounding, and two counts of felony child neglect in case number CR04-4284. On November 14, 2005, he entered a plea of guilty to aggravated malicious wounding and one count of felony child neglect, and the remaining charges were nolle prossed. On February 10, 2006, Thicklin was sentenced to a combined total of 85 years of imprisonment, with 50 years suspended, for a total of 35 years of active incarceration. Resp. Ex. 1.

Thicklin filed a petition for appeal in the Court of Appeals of Virginia, arguing that the trial court abused its discretion by imposing a sentence significantly higher than that called for by the sentencing guidelines. Resp. Ex. 2. On September 14, 2006, the Court of Appeals denied Thicklin's petition, holding that because the sentences imposed were within the applicable statutory maximums, and because it was within the trial court's purview to weigh any mitigating factors, no abuse of discretion had been shown. Thicklin v. Commonwealth, R. No. 0641-06-1 (Va. Ct. App. Sept. 14, 2006). Thicklin petitioned the Supreme Court of Virginia for appeal, but his request was denied on April 19, 2007. Thicklin v. Commonwealth, R. No. 062965 (Va. Apr. 19, 2007).

On October 7, 2007, Thicklin filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, asserting the following claims:

    1.    He was sentenced outside the range called for in the sentencing guidelines, which was contrary to his understanding of the plea agreement.

    2.    His plea was not knowing and voluntary because it was premised on his understanding that he would not be sentenced outside the guidelines range.

    3.    He was the victim of prosecutorial misconduct because the prosecutor advocated a sentence beyond that recommended by the guidelines.

    4.    His plea was rendered involuntary by the court's failure to

        inform him of the maximum sentence he faced.

5.     The trial court erred by failing to inform him of his right to appeal.

On January 9, 2008, the Virginia Supreme Court dismissed Thicklin's petition, finding that the claims were defaulted pursuant to <u>Slayton v. Parrigan</u>, 215 Va. 27, 30, 205 S.E. 2d 680, 682 (1974), which holds that claims which could have been raised at trial or on direct appeal are procedurally defaulted from collateral review. <u>Thicklin v. Commonwealth</u>, R. No. 072220 (Va. Jan. 9, 2008).

Thicklin filed a second petition for habeas corpus relief in the Virginia Supreme Court on April 14, 2008, raising the following claims:

1.     His attorney rendered ineffective assistance by persuading him to plead guilty where he understood that he would be sentenced pursuant to the plea agreement to serve ten to 30 years in prison.

2.     His attorney was ineffective for failing to subpoena a medical expert to testify at trial and at sentencing.

3.     His attorney was ineffective for failing to present mitigating evidence.

4.     He received ineffective assistance of trial counsel where his attorney failed to object to the sentence on the ground that it exceeded the terms of the plea agreement.

5.     He received ineffective assistance of appellate counsel where no argument was presented that the sentence was beyond the terms of the plea agreement.

6.     His plea was involuntary because it was induced by deception on the part of his attorney, the prosecutor, and the trial court.

On June 24, 2008, the Virginia Supreme Court dismissed Thicklin's second habeas corpus application, finding that the claims were barred pursuant to Virginia Code § 8.01-654(B)(2), since they were based on "facts of which petitioner had knowledge at the time of the filing of [his] previous petition." Thicklin v. Commonwealth, R. No. 080771 (Va. Jun. 24, 2007).

In the meantime, Thicklin filed the instant federal habeas petition on April 15, 2008,[1] raising the following claims for relief:

    A.    His guilty plea was not voluntary because the court imposed a sentence greater than that specified by the written terms of the plea agreement.

    B.    He received ineffective assistance of counsel where his attorney:

        1.    failed to subpoena a medical expert to testify at trial and at sentencing;

        2.    failed to object when the court imposed a sentence beyond that contemplated by the plea agreement; and

        3.    failed to argue on appeal that the sentence exceeded the terms of the plea agreement.

    C.    The plea agreement is void because he was not sentenced in accordance with its terms.

    D.    His rights to due process and effective assistance of counsel were violated where his lawyer failed to address the court about its abuse of discretion in imposing a sentence that exceeded the terms stated in the plea agreement.

On July 7, 2008, respondent filed a Motion to Dismiss Thicklin's claims, a Rule 5 Answer,

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See Docket #1 at p. 7.

and a Roseboro notice. Thicklin filed a response on August 1, 2008. Following review of the records before this Court, all of Thicklin's claims must be dismissed as procedurally defaulted.

## II. Procedural Bar

Thicklin first argued the substance of claim A of this petition, that his plea was involuntary because he received a sentence greater than that specified by the written terms of the plea agreement, in his initial application for habeas corpus relief to the Supreme Court of Virginia, where it was dismissed as defaulted under Slayton, 215 Va. at 30, 205 S.E. 2d at 682. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.[2] Since Thicklin does not allege cause and prejudice or a miscarriage of

---

[2] The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt,

justice, claim A is procedurally barred from consideration on the merits, and will be dismissed.

Claims B(1) through (3) and D of this federal petition were first raised in the second habeas corpus petition Thicklin submitted to the Supreme Court of Virginia. In that instance, relief was denied on the holding that the claims were procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2), which prohibits the filing of a successive habeas corpus application where the underlying facts were known by the petitioner at the time his earlier petition was filed. The Fourth Circuit has held that the successive petition rule in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground barring federal habeas review. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). In Barnes v. Thompson, 58 F.3d 971, 974-74 (4th Cir. 1995), the Court held that "[a] section 8.01-654(B)(2) default determination by the Commonwealth's highest court reflects a finding that 'all of the facts on which the current petition was based were either known or available to the petitioner' when he filed his first state habeas petition." (quoting Waye v. Murray, 884 F.2d 765, 766 (4th Cir.), cert. denied, 492 U.S. 936 (1989)). This finding of default by the Supreme Court of Virginia is entitled to a presumption of correctness on federal habeas review under 28 U.S.C. § 2254(d). Thicklin has presented no valid cause for his default, nor has he shown that a fundamental miscarriage of justice will result from the application of the state procedural rule. Thus, claims B(1) through (3) and D of this petition must be dismissed.

Claim C of this petition, where Thicklin argues that the plea agreement is void because it was not fulfilled, has never been presented to the state courts for resolution. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity; failure to exhaust a claim requires its dismissal from federal court so that the petitioner may present it to the

---

66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must first present the same factual and legal claims raised in his federal application to the Supreme Court of Virginia either by way of (I) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). As with other instances of procedural default, a petitioner may have his unexhausted claim addressed on the merits by a federal court by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Because Thicklin never exhausted claim C of this petition, it must be dismissed. Furthermore, this unexhausted claim would now be procedurally barred both under Virginia Code § 8.01-654(A)(2), which provides a limitations period of the later of two years from the date of final

7

judgment in the trial court or one year from the final disposition of the direct appeal, and pursuant to Virginia Code § 8.01-654(B)(2). Thicklin has presented no sufficient cause or prejudice for the procedural default of the his claim, nor has he asserted facts which would support the finding of a miscarriage of justice. Thus, claim C is barred from federal review and must be dismissed.

### III. Conclusion

For the foregoing reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 15th day of December 2008.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge